# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 21-50285
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAIME IVAN MONTANEZ-MONTANEZ,

*Defendant—Appellant*,

CONSOLIDATED WITH

---

No. 21-50295

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

v.

JAIME IVAN MONTANEZ,

*Defendant—Appellant*.

No. 21-50285
c/w No. 21-50295

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-471-1
USDC No. 4:20-CR-595-1

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Jaime Ivan Montanez-Montanez pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326, and was sentenced to 21 months of imprisonment, followed by a three-year term of supervised release. At the time of the offense, Montanez-Montanez was serving a three-year term of supervised release resulting from a prior illegal reentry conviction. Based on the new illegal reentry offense, the district court revoked Montanez-Montanez's prior term of supervised release and sentenced him to 12 months of imprisonment, to be served consecutively to the 21-month term.

In this consolidated appeal of both judgments, Montanez-Montanez challenges only the sentence he received following his guilty plea conviction on the new illegal reentry offense. He makes no argument challenging the revocation of his supervised release or the sentence imposed upon revocation. He has thus abandoned any such challenge by failing to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

With respect to his new illegal reentry sentence, Montanez-Montanez now asserts, for the first time, that the sentencing enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it increases the statutory maximum sentence based on the fact of a prior felony conviction neither alleged in the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

2

No. 21-50285
c/w No. 21-50295

indictment nor found by a jury beyond a reasonable doubt.  He argues that, if the Section 1326(b) enhancement is unconstitutional, he is subject to no more than two years of imprisonment under Section 1326(a) and, thus, one year or less of supervised release.  *See* 18 U.S.C. §§ 3559(a)(5), 3583(b)(3).

Montanez-Montanez concedes that his challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review.  Agreeing that the issue is foreclosed, the Government has moved for summary affirmance or, in the alternative, for an extension of time to file a brief.

As the Government argues, and Montanez-Montanez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*, 523 U.S. at 239–47.  *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019). Because the issue is foreclosed, summary affirmance is appropriate.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED as moot.